Filed 11/2/22  P. v. Wilson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THANDIEW SHARIF WILSON,<br><br>    Defendant and Appellant. | D078231<br><br><br><br>(Super. Ct. No. SCD145049) |

APPEAL from an order of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Reversed and remanded with directions.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorneys General, Alan Aman, Steve Oetting, and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

Thandiew Sharif Wilson appeals the order summarily denying his petition for resentencing under statutory changes that narrowed the scope of

felony-murder liability and authorized resentencing. Wilson was convicted on a felony-murder theory after his brother fatally shot the victim during the commission of other felonies in which Wilson participated. The superior court ruled the jury's true findings on felony-murder special-circumstance allegations made Wilson ineligible for resentencing.

In our initial opinion, we concluded the jury's findings did not categorically bar relief, reversed the order, and remanded the matter for further proceedings. The Supreme Court of California granted the People's petition for review and held the case for its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), where it held a jury's true finding on a felony-murder special-circumstance allegation did not preclude a petitioner from making a prima facie showing of eligibility for resentencing when the jury made the finding before the Supreme Court had issued two decisions on key phrases in the statute defining the special circumstance. After the Supreme Court issued its decision in *Strong*, it transferred Wilson's appeal to us with directions to vacate our opinion and to reconsider the matter in light of the decision.

In compliance with those directions, we hereby vacate our prior opinion. And, based on *Strong*, *supra*, 13 Cal.5th 698, we reverse the order denying Wilson's resentencing petition and remand the matter for further proceedings.

I.

BACKGROUND

A. *Fatal Shooting Incident*

On July 6, 1999, Wilson, his brother, and another member of the Lincoln Park criminal street gang went to a party in a motel room hosted by Henry Mabry, a member of a rival gang. Wilson and his companions left

2

after Mabry became angry with them but later returned under the false pretense of recovering an item that had been left behind. Upon gaining reentry to the motel room, Wilson's brother pulled out a gun and told the guests to get on the floor and surrender their belongings. Wilson himself demanded property from one guest and searched through Mabry's duffle bag. When Wilson and his companions realized Mabry was asleep, they began beating him and shouting "Lincoln Park." Mabry fought back, and Wilson's brother fatally shot him in the head. (*People v. Wilson* (Dec. 23, 2003, D041120 [nonpub. opn.].)

B.     *Charges, Verdicts, and Sentence*

The People charged Wilson with first degree murder (Pen. Code, § 187, subd. (a); undesignated section references are to this code), first degree burglary (§§ 459, 460), robbery (§ 211), and six counts of attempted robbery (§§ 211, 664). As to all counts, the People alleged firearm and gang enhancements. (§§ 186.22, subd. (b)(1), 12022.53, subds. (b), (c), (d), (e)(1), 12022.5, subd. (a)(1), 12022, subd. (a)(1).) As to the murder, the People alleged special circumstances that the murder occurred during the commission or attempted commission of burglary and robbery. (§ 190.2, subd. (a)(17)(A), (G).)

The jury was instructed that if it found Wilson was not the actual killer, to find the special circumstance allegations true the jury had to be satisfied beyond a reasonable doubt that he aided and abetted the murder with intent to kill or aided and abetted the burglary, robbery, or attempted robbery as a major participant with reckless indifference to human life. (CALJIC No. 8.80.1; see § 190.2, subd. (d).) The jury found Wilson guilty on all counts and found true all attached allegations, including the felony-murder special-circumstance allegations.

3

The superior court sentenced Wilson in 2002. For the murder, the court imposed a term of life without the possibility of parole plus a term of 25 years to life for the firearm enhancement. (§§ 190.2, subd. (a), 12022.53, subds. (d), (e)(1).) The court imposed and stayed execution of prison terms for the attempted robbery of Mabry and the attached enhancements (§ 654), and imposed concurrent prison terms for all the other crimes and attached enhancements (§ 669, subd. (a)).

C.     *Petition for Resentencing*

On January 1, 2019, legislation took effect that, among other things, narrowed the scope of accomplice liability for felony murder by amending sections 188 and 189. (Stats. 2018, ch. 1015, §§ 2, 3.) The legislation also added a new statute authorizing those convicted of felony murder to petition for resentencing if they could not be convicted of that crime under the amended statutes had they been in effect at the time of the killing. (Former § 1170.95, enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2, and renumbered § 1172.6 by Stats. 2022, ch. 58, § 10.)[1] Later that month, Wilson, acting on his own behalf, filed a form petition alleging he could not now be convicted of felony murder because he was not the actual killer, he had no intent to kill in aiding and abetting the actual killer, and he was not a major participant in the felony and did not act with reckless indifference to human life in committing the felony. Wilson attached to the petition a short memorandum of points and authorities and copies of the abstract of judgment and a few other documents (or portions thereof) from the underlying criminal action.

---

[1]     The amendments are not relevant to this appeal. We shall cite the current version of the statute (§ 1172.6) in this opinion even though Wilson filed his petition under the former version (§ 1170.95).

In an initial response to the petition, the People argued the jury's true findings on the felony-murder special-circumstance allegations made Wilson ineligible for relief. They attached copies of the accusatory pleading, the jury's verdicts, the sentencing minutes, and other documents from the underlying criminal action.

Wilson, now represented by appointed counsel, filed a reply. He argued his petition stated a prima facie case for relief, and urged the superior court to issue an order to show cause and to hold an evidentiary hearing.

The parties filed supplemental briefs discussing the split in Court of Appeal decisions on whether a jury's true finding on a felony-murder special-circumstance allegation made a petitioner ineligible for relief under section 1172.6 as a matter of law.

After reviewing the parties' written submissions and the special circumstance instructions given to the jury, the superior court denied the petition. The court ruled the jury's true findings on the special circumstance allegations made Wilson ineligible for resentencing.

D.  *Prior Appellate Proceedings*

On Wilson's appeal of the superior court's order summarily denying his section 1172.6 petition, we issued an opinion in which we concluded the jury's true findings on the felony-murder special-circumstance allegations did not categorically bar Wilson from relief, reversed the order denying his petition for resentencing, and remanded the matter to the superior court for further proceedings. (*People v. Wilson* (2021) 69 Cal.App.5th 665, cause transferred and opinion rendered not citable by order of Supreme Court filed Sept. 28, 2022, S271604.) The Supreme Court of California granted review and held Wilson's case for its decision in *Strong, supra,* 13 Cal.5th 698. The Supreme Court ruled that juries' true findings on felony-murder special-circumstance

5

allegations made before its decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which for the first time provided substantial guidance on the meanings of the phrases "major participant" and "with reckless indifference to human life" as used in the statute defining the special circumstance (§ 190.2, subd. (d)), do not preclude a defendant from stating a prima facie case for relief under section 1172.6. (*Strong*, at p. 721.)  After issuing its decision, the Supreme Court transferred Wilson's appeal back to us with directions to vacate our initial opinion and to reconsider the matter in light of the decision.  (*People v. Wilson*, S271604, Supreme Ct. Mins., Sept. 28, 2022.)

## II.

## DISCUSSION

Wilson contends the superior court erred by summarily denying his petition for resentencing based on the jury's true findings on the felony-murder special-circumstance allegations because those findings were made before the Supreme Court decided *Banks*, *supra*, 61 Cal.4th 788, and *Clark*, *supra*, 63 Cal.4th 522.  He asks us to reverse the superior court's order and to remand the matter with directions to issue an order to show cause.  The People initially disagreed with Wilson and urged us to affirm the superior court's order.  But after the Supreme Court decided *Strong, supra,* 13 Cal.5th 698, the People agree that "the special circumstance findings rendered by the jury against [Wilson] do not, alone, render him per se ineligible for resentencing relief" and that the matter should be remanded with directions to the superior court to issue an order to show cause and to hold an evidentiary hearing.  We agree with the parties.

As noted earlier, the Supreme Court recently decided that where, as here, a defendant's case "was tried before both *Banks* and *Clark*, the special

6

circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p. 721.)  The Supreme Court reasoned that section 1172.6 requires the petitioner to make a prima facie showing that he could not be convicted of murder under the amended versions of sections 188 and 189, and "[a] pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at pp. 717-718.)  "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008 [trial court may not deny section 1172.6 petition at prima facie stage based on its own determination defendant was major participant in felony and acted with reckless disregard for human life].)  Thus, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.)

In Wilson's case, the jury made its special circumstance findings more than a decade before the Supreme Court decided *Banks, supra*, 61 Cal.4th 788, and *Clark, supra*, 63 Cal.4th 522.  Under *Strong*, those findings do not preclude Wilson from stating a prima facie case for relief. (*Strong, supra*, 13 Cal.5th at p. 721.)  Because Wilson's petition alleged the facts necessary for relief under section 1172.6 and nothing in the record shows he is ineligible for relief as a matter of law, the superior court erred by summarily denying his petition.  We therefore must remand the matter to the superior court to

issue an order to show cause and, to the extent necessary, hold an evidentiary hearing.  (§ 1172.6, subds. (c), (d); *Strong*, at pp. 708-709; *People v. Duchine* (2021) 60 Cal.App.5th 798, 816.)  We express no opinion on how the court should ultimately rule on the petition.

## III.

## DISPOSITION

The opinion filed on September 29, 2021, is vacated.  The order denying the petition for resentencing under section 1172.6 is reversed.  The matter is remanded to the superior court with directions to issue an order to show cause and, to the extent necessary, hold an evidentiary hearing.


IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.

8